IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:11-CV-49-D

| | |
|---|---|
| SHIRLEY JONES WORTHINGTON, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| | ) **MEMORANDUM &** |
| | ) **RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

This matter is before the Court upon the parties' Motions for Judgment on the Pleadings. (DE's-12 & 14). The time for filing any responses or replies has expired, and, therefore, these motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), these motions have been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-12) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-14) be GRANTED, and that the final decision by Defendant be AFFIRMED.

**Statement of the Case**

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on January 28, 2008, alleging that she became unable to work on August 2, 2008. (Tr. 16). This application was denied initially and upon reconsideration. *Id.* A hearing was held before an

1

Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled during the relevant time period in a decision dated October 21, 2010. *Id.* at 16-25. The Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review on July 22, 2011, rendering the ALJ's determination as Defendant's final decision. *Id.* at 5-9. Plaintiff filed the instant action on September 23, 2011. (DE-1).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by

substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 2, 2008. (Tr. 18). At step two, the ALJ found that Plaintiff had the following severe impairments: 1) multiple sclerosis; 2) osteoarthritis; 3) obesity; and 4) hypertension. *Id.* However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work. *Id.* at 19. The ALJ then determined that Plaintiff was unable to perform her past relevant

work. *Id.* at 23. However, based on the testimony of a vocational expert, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. *Id.* at 23-24. Accordingly, the ALJ determined that Plaintiff was not under a disability. *Id*. at 24-25.

The ALJ's findings were accompanied by a thorough review and assessment of the entire record. This "assessment . . . provides a backdrop for the ALJ's evaluation[s] . . . and provides insight into [them]." Worden v. Astrue, 2012 WL 2919923, *5 (E.D.N.C. May 29, 2012), *Report and Recommendation Adopted by*, Worden v. Astrue, 2012 WL 2920289. Moreover, the undersigned has reviewed the entire record and finds that the ALJ's determinations were supported by substantial evidence.

Plaintiff's assignments of error rely on the contention that the ALJ incorrectly weighed the evidence. Although Plaintiff may disagree with the determinations made by the ALJ after weighing the relevant factors, the role of this Court is not to undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary. Craig, 76 F.3d at 589. Because that is what Plaintiff requests this Court do, her claims are without merit. Nonetheless, the undersigned shall now address Plaintiff's assignments of error in turn.

**The ALJ's assessment of Listing 11.09 is supported by substantial evidence**

Plaintiff argues that "[t]he ALJ failed to find that the evidence supported Listed Impairment 11.09 . . ." (DE-12-1, pg. 15). To meet Listing 11.09 a claimant must have the following impairments:

> A. Disorganization of motor function as described in 11.04B; or
>
> B. Visual or mental impairment as described under the criteria in 2.02, 2.03,

> 2.04, or 12.02; or
>
> C. Significant, reproducible fatigue of motor function with substantial muscle weakness on repetitive activity, demonstrated on physical examination, resulting from neurological dysfunction in areas of the central nervous system known to be pathologically involved by the multiple sclerosis process.
>
> 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.09

The ALJ made the following findings with regard to whether Plaintiff met this listing:

> In regards to Medical Listing 11.09A, a claimant is disabled if she has a diagnosis of multiple sclerosis with disorganization of motor function described in Medical Listing 11.04B. Medical Listing 11.04B provides that, disorganization of motor function as being significant and persistent disorganization of motor functioning in two extremities, which results in sustained disturbance of gross and dexterous movement, or gait and station. Although the claimant's condition caused some changes in her gait, it did not result in persistent disorganization of motor functioning as defined in 11.04B. The claimant was diagnosed with multiple sclerosis on August 1, 2008. At that time, the condition was causing decreased muscle strength and an unstable gait. However, three months later in an office visit on November 17, 2008, the claimant had both normal muscle strength and a normal gait upon examination. In addition, the doctor noted that she responded well to her weekly injections of Avonex and she reported feeling stronger. Therefore, the claimant's symptoms do not meet or equal Medical Listing 11.09A (Exhibits 5F-8F).
>
> The attorney for the claimant also argued that the claimant should be found disabled under Medical Listing 11.09C. To be found disabled under 11.09C a claimant must have a diagnosis of multiple sclerosis with significant, reproducible fatigue of motor function with substantial weakness on repetitive activity, demonstrated on physical examination, resulting from neurological dysfunction in areas of the central nervous system known to be pathologically involved by the multiple sclerosis process. While the claimant's condition may have caused decreased muscle strength in her lower extremities it did not result in substantial weakness as required by 11.09C. Contrary to the claimant's testimony at the hearing, upon examination September 18, 2009, the claimant was strong enough to ambulate without a cane and the multiple sclerosis had stabilized. Additionally, motor examinations on March 25, 2010 and August 26, 2010, revealed the claimant had no weakness proximally or distally in any extremity. Therefore, the claimant's condition does not meet or equal

5

>     Medical Listing 11.09C (Exhibits 8F-9F).
>
> *Id*. at 18-19.

These findings were supported by substantial evidence. On November 17, 2008, Plaintiff's gait was normal and she was able to get out of a chair without significant difficulty. *Id*. at 281. Although Plaintiff had a cane, she was able to walk without it. *Id*. Plaintiff denied any recent exacerbations of her multiple sclerosis on September 18, 2009. *Id*. at 306. She "appeared well" during a physical examination, and it was again noted that Plaintiff could walk without her cane. *Id*. Dr. Anthony Breuer stated on March 25, 2010 that Plaintiff's gait was unaltered. *Id*. at 304. She again had no extremity weakness. *Id*. Her multiple sclerosis was deemed "under reasonable control." *Id*. During an August 26, 2010 examination, Plaintiff was "feeling well and doing well." *Id*. at 300. Motor examination revealed normal strength in Plaintiff's extremities. *Id*. Plaintiff was no longer experiencing double vision, and "a focused examination [revealed] no abnormality on extraocular motility." *Id*. It was determined that Plaintiff's multiple sclerosis was in remission. *Id*.

Because the ALJ's findings were supported by substantial evidence, this assignment of error is without merit.

**<u>The ALJ properly weighed the opinion of Laura Pakowski</u>**

Plaintiff also argues that the ALJ erred because Laura Pakowski's "opinion should have been given great weight." (DE-12-1, pg. 16)(emphasis omitted).

Ms. Pakowski is a nurse practitioner. On October, 21, 2008, Ms. Pakowski stated that Plaintiff had an "advanced case of multiple sclerosis" and required a cane to walk. *Id*. at 248. Ultimately, Ms. Pakowski opined that Plaintiff was disabled. *Id*. With regard to this opinion, the

6

ALJ found that:

> In a medical source statement dated October 21, 2008, treating physician Laura P. Pakowski opined that the claimant was disabled. Although the doctor has a treating relationship with the claimant, the treatment history is quite brief. Claimant first became a patient at East North Carolina Neurology in August of 2008. Moreover, the doctor's opinion contrasts sharply with the other evidence of record, which renders it less persuasive. Furthermore, while the doctor stated the claimant was disabled it is not clear that the doctor was familiar with the definition of disability contained in the Social Security Act and regulations. Although we consider opinions from medical sources on such issues, the final responsibility for deciding these issues is reserved to the Commissioner, who is the ultimate arbiter of the issue of disability. . . the Social Security Administration will not give any special significance to the source of an opinion on issues reserved to the Commissioner. Therefore, the undersigned has given Dr. Pakowski's opinion minimal evidentiary weight (Exhibit 8F).

*Id*. at 22-23.

It is the ALJ's responsibility to weigh the evidence, including the medical evidence, in order to resolve any conflicts which might appear therein. Wireman v. Barnhart, 2006 WL 2565245, * 8 (W.D.Va. September 5, 2006)(internal citations omitted). Furthermore, "while an ALJ may not reject medical evidence for no reason or the wrong reason . . .an ALJ may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source . . . if he sufficiently explains his rationale and if the record supports his findings." *Id*. (internal citations omitted). While "the treating physician rule generally requires a court to accord greater weight to the testimony of a treating physician, the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). Rather, "a treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro, 270

7

F.3d at 178. Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. In sum, "an ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up specious inconsistencies or has not given good reason for the weight afforded a particular opinion." Koonce v. Apfel, 166 F.3d 1209, * 2 (4th Cir. 1999) (unpublished opinion)(internal citations omitted).

Here, the undersigned notes that opinions from nurse practitioners do not meet the definition of medical opinions because they are not physicians or other acceptable medical sources. *See*, 20 C.F.R. §§ 404.1513(d) and 416.913(d). Regardless, in his decision, the ALJ fully explained his reasoning in weighing the medical evidence. These reasons were supported by substantial evidence. For example, Ms. Pakowski's opinion conflicts with the findings of Dr. Breuer, summarized above. Therefore, this argument is without merit.

**The ALJ properly assessed Plaintiff's credibility**

In his decision, the ALJ found that the Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not credible. *Id*. at 20. Plaintiff argues that "[t]he ALJ . . . failed to properly assess [Plaintiff's] symptoms and credibility." "Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). Furthermore, the regulations provide a two-step process for evaluating a claimant's subjective complaints of pain or other symptoms. 20 C.F.R. § 404.1529; Craig, 76 F.3d at 593-96. First, the ALJ must determine whether there is objective medical evidence showing the existence of a medical impairment that could be reasonably expected to

8

produce the pain or alleged symptoms. 20 C.F.R. § 404.1529(b); Craig, 76 F.3d at 594. Second, the ALJ evaluates the intensity and persistence of the symptoms to determine how they limit the capacity for work. 20 C.F.R. 404.1529(c); Craig, 76 F.3d at 595. The ALJ evaluates the intensity and persistence of the symptoms and the extent to which they limit a claimant's capacity for work in light of all the available evidence, including the objective medical evidence. 20 C.F.R. 404.1529(c). At the second step, however, claims of disabling symptoms may not be rejected solely because the available objective evidence does not substantiate the claimant's statements as to the severity and persistence of the symptoms. *See* Craig, 76 F.3d at 595. Since symptoms can sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, all other information about symptoms, including statements of the claimant, must be carefully considered in the second part of the evaluation. 20 C.F.R. 404.1529(c)(2). The extent to which a claimant's statements about symptoms can be relied upon as probative evidence in determining whether the claimant is disabled depends on the credibility of the statements. SSR 96-7p, 1996 WL 374186, *4. Ultimately, the ALJ's findings with regard to a claimant's credibility must "contain specific reasons . . . supported by evidence in the case record." *Id.* at *2.

Here, the ALJ followed these standards in assessing Plaintiff's credibility. The ALJ's findings of fact demonstrate that the ALJ gave proper weight to all of Plaintiff's limitations and impairments in assessing Plaintiff's credibility. Likewise, the ALJ's citations to Plaintiff's medical records constitute substantial evidence which support that assessment. Specifically, as noted above, Plaintiff's condition has been managed with medication which has helped her generally maintain normal muscle strength, normal gait, and normal neurological examination (Tr. 20, 281, 300, 304). The ALJ also considered that Plaintiff's multiple sclerosis was "in remission"

(Tr. 20, 300). In addition, on May 27, 2010, Plaintiff reported that her pain level was zero. *Id*. at 21, 321. Similarly, Plaintiff had normal cardiac and respiratory examinations and her hypertension was well controlled with medication. *Id*. at 20, 149, 204, 233-236, 253. 311, 318-322). Accordingly, this assignment of error is without merit.

**Conclusion**

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-12) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-14) be GRANTED, and that the final decision by Defendant be AFFIRMED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, January 23, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE